Dora V. Lane, Esq. (NV Bar No. 8424)
R. Calder Huntington, Esq. (NV Bar No. 11996)
Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
(702) 669-4600
(702) 669-4650 – fax
dlane@hollandhart.com
rchuntington@hollandhart.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAZMIN ARELLANO, Individually<br><br>Plaintiff,<br><br>vs.<br><br>GIORGIO ARMANI CORPORATION, a Foreign Corporation,<br><br>Defendant. | Case No. : 2:14-cv-02152-JAD-NJK<br><br>[PROPOSED] CONFIDENTIALITY AGREEMENT AND STIPULATION FOR ENTRY OF A QUALIFIED PROTECTIVE ORDER<br>As amended, pages 4 and 5. |

During the course of this litigation, a party may produce or disclose documents, materials, and information (collectively, "Information") which are confidential and/or contain personal information, including personal health information as contemplated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Similarly, such Information may be disclosed by written discovery, deposition testimony (to the extent taken), or in other filings with the Court. Accordingly, the parties agree and the Court enters the following Qualified Protective Order (the "Order"):

    1.    <u>Litigation Use Only.</u> All Information produced in this litigation and designated as "Confidential" as provided below shall be used solely for the purpose of this litigation, and will not be used or disclosed outside the context of this litigation. Any person receiving such Information designated as Confidential shall restrict its disclosure to persons authorized to receive the Information designated as "Confidential" pursuant to this Order. A Confidential designation is applicable to all copies and reproductions of any Information. Nothing herein

shall be deemed to restrict the right of the producing party to use its own Information that it has designated as Confidential as it chooses. Nothing in this Order requires either party to produce Information the party believes is privileged or otherwise non-discoverable. By entering into this Order, the parties do not waive any right to object to any discovery request, to the admission of evidence on any ground, to seek further protective order, or to seek relief from the Court from any provision of this Order.

2. <u>Definition of Confidential Information</u>: A producing party may designate as Confidential such Information which the producing party believes in good faith constitutes, contains, or reflects confidential or proprietary information or financial information about a party or other person, or other information that is not generally known to the public.

3. <u>Designating Information as Confidential</u>: All or any part of a document, item, testimony, or other Information disclosed, produced, or filed in this litigation may be designated as Confidential by marking the word "Confidential" on the face of the original of the document and each page so designated, or on the face of the photocopy of the document, and on the photocopies of each page so designated, except as to documents containing more than twenty-five (25) pages, in which case marking the top page as Confidential will suffice. Oral testimony may be designated as Confidential during the deposition or proceeding, with reasonable precision as to the affected testimony, or within seven (7) business days after receipt of the transcript of such deposition or proceeding by sending written notice designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as Confidential. All or any part of responses to interrogatories or to requests for admission or for production of documents may be designated as Confidential on the face of the response and each page so designated.

4. <u>Challenging a Designation</u>: Either party may challenge at any time the propriety of a designation of Information as Confidential. Before seeking relief from the Court, the parties shall attempt to resolve the dispute informally and in good faith. If the parties are unable to resolve such dispute, it shall be submitted to the Court. The Information shall be treated as Confidential pending resolution of the challenge.

5. <u>No Implied Acknowledgement of Confidentiality</u>: Compliance with the terms of this Order, production or receipt of Information designated Confidential, and/or allowing Information to be designated Confidential shall not in any way operate as an admission that any particular Information is Confidential. Failure to challenge the designation of Information as Confidential does not preclude a subsequent challenge. The designation of Information as Confidential does not create a presumption in favor of or against that designation.

6. <u>Access to Information Designated Confidential Information</u>: Access to Information designated Confidential, is restricted to the following persons:

(a) Counsel for the respective parties, including office associates, paralegals, stenographic and clerical employees;

(b) The parties to this action and their representatives, including in-house counsel;

(c) Experts or consultants (including their employees, associates, and/or support staff) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist in any way in the litigation. Information designated Confidential that is accessed by experts or consultants shall be limited to documents that the experts or consultants reasonably need to review in their roles as experts or consultants;

(d) Electronic imaging and/or computer litigation support personnel retained by one or more of the parties in this litigation or by the parties' counsel;

(e) The Court and its personnel, including clerks and stenographic reporters who record deposition of other testimony in this litigation;

(f) Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this litigation, and computer personnel performing duties in relation to a computerized litigation system; and

(g) Any other person to whom the producing party agrees in writing.

The parties shall inform each person to whom they disclose or give access to the other

party's Information designated Confidential of the terms of this Order, as well as the obligation to comply with its terms.

7. <u>Depositions</u>: To the extent depositions occur in this litigation, persons may be deposed regarding Information which has been designated Confidential. Any court reporter or videographer who transcribes or records testimony in this action at a deposition shall agree, before transcribing or recording any such testimony, that all testimony containing Confidential Information is and shall remain Confidential and shall not be disclosed except as provided in this Order and that copies of any transcript, video recording, reporter's notes, or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record.

8. <u>Previously Produced Information</u>: This Order does not affect the right of the parties to designate as Confidential any Information which has been produced prior to the entry of this Order. Any disclosure of such Information prior to its designation as Confidential shall not be deemed a violation of this Order. This Order shall not prejudice the right of the parties to designate as Confidential the Information a party has inadvertently produced without the sought designation.

**See order issued concurrently herewith.**

9. ~~<u>Filing Documents Under Seal</u>: If a party seeks to file Information designated Confidential with the Court, the party seeking to file such Information must first submit a Motion to Allow Filing Under Seal to the Court, unless the party who produced such Information (whether such party is a litigant in this matter or a third party) agrees in writing that such Information need not be filed under seal. A Motion to Allow Filing Under Seal must include a specific description of the Information or categories of Information it seeks to file under seal, along with a clear statement of the facts justifying a seal, including the harm which would result if the Information was not filed under seal. Such statement must be made by declaration or affidavit. A party may request that such Motion be heard on an Order Shortening Time, and the~~

~~other party consents to the Court shortening the time for such a motion. If a party seeks to file under seal Information designated Confidential as part of a *dispositive motion*, that party must demonstrate *compelling reasons* to the Court for preserving the secrecy of that Information. If a party seeks to file under seal Information designated Confidential as part of a *non-dispositive motion*, that party must demonstrate *good cause* to the Court for preserving the secrecy of that Information. If the party seeking to file such Confidential Information is not the producing party, the producing party (whether such party is a litigant in this matter or a third party) may also seek to demonstrate good cause or compelling reasons to the Court for preserving the secrecy of that Information, independently of whatever showing is made by the party seeking to file such Information. Until the parties otherwise agree or the Court so determines, all Information designated Confidential shall continue to be treated as Confidential in accordance with this Order. In the event the Court refuses to allow the filing under seal of such Information designated as Confidential, a party shall still be permitted to file such Information, but it will continue to be treated as Confidential in all other respects. The Court may change the terms of this section of this Order on its own motion after notice to the parties and an opportunity to be heard. All filing deadlines will be tolled while a motion that is filed under this section is pending before the court.~~

10.   <u>Conclusion of Proceedings</u>:   Within forty-five (45) days following termination of this litigation by final judgment, settlement or otherwise (including any appeals):

(a)   All Information (including copies) subject to the provisions of this Order shall be destroyed or delivered to the producing party or the Third Party that produced the documents.

(b)   To the extent any Information designated Confidential is destroyed, the destroying party shall so represent in writing to the producing party.

(c)   As to Information filed under seal, the producing party shall be obligated

to retrieve those documents from the Court and the other party will support any motion to this effect.

11. <u>Jurisdiction and Enforcement</u>: Any person to whom Information designated Confidential is disclosed shall be subject to the jurisdiction of the Court for purposes of determining, assuring, and adjudging such person's compliance with this Order. This jurisdiction shall survive the termination of this litigation. Any party or person subject to this Order who violates its provisions shall be liable for damages for any injuries or loss suffered by the producing party as a result of such violation.

12. <u>Clawback Provision</u>: Disclosure (including production) of information that a Party or non-Party later claims should not have been disclosed because of a privilege, including (without limitation) the attorney-client privilege or attorney work product doctrine (collectively, "Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of privilege as to which the producing or receiving party would be entitled in the action. The receiving party agrees to promptly return, sequester or destroy any privileged information disclosed or produced by a producing party upon request. If the receiving party wishes to challenge the privileged nature of purportedly privileged information, the receiving party must make its application to the Court within ten (10) days of the request by the producing party to return, sequester or destroy the purportedly privileged information. If the receiving party reasonably believes that privileged information has been inadvertently disclosed or produced to it, it shall promptly notify the producing party and sequester such information until instructions as to the disposition of such information are received. The failure of any party or non-party to provide notice or instructions under this Section shall not constitute a waiver or, or estoppel as to, any claim of privilege as to which the producing party would be entitled in this action.

///

///

13. <u>Survival.</u>  This Order and the agreement embodied herein shall survive the termination of this litigation and continue in full force and effect.

DATED this 24th day of June, 2015.                    DATED this 24th day of June, 2015.

/s/ Daniel Marks
Daniel Marks, Esq.
Nevada Bar No. 2003
LAW OFFICES OF DANIEL MARKS
610 South Ninth Street
Las Vegas, Nevada 89101
Telephone (702) 386-6812

*Attorneys for Plaintiff*
*Jazmin Arellano*

/s/ Dora V. Lane
Dora V. Lane, Esq.
Nevada Bar No. 8424
R. Calder Huntington, Esq.
Nevada Bar No. 11996
Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134
Telephone:  (702) 669-4600

*Attorneys for Defendant*
*Giorgio Armani Corporation*

**IT IS SO ORDERED:**

DATED:  June 25, 2015

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

7844968_1